# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUE L. KNIGHT et al., | : | |
| | : | Civil Action No: 1:08-CV-1268 |
| Plaintiffs | : | (Chief Judge Kane) |
| v. | : | |
| UNITED STATES, | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Defendant United States' Motion to Dismiss Plaintiffs' Complaint pursuant to § 2675(a) of the Federal Tort Claims Act[1] ("FTCA"). The motion has been fully briefed and is ripe for disposition. (Doc. Nos. 7-9.) For the reasons that follow, the motion will be granted.

### I.   BACKGROUND

The Plaintiffs, Jacque L. and John N. Knight initiated this action in the Court of Common Pleas in Franklin County Pennsylvania against several defendants for the allegedly negligent treatment provided in the course of pre-natal care given to Jacque Knight, including a failure to properly monitor the progress of her pregnancy and perform necessary testing. (Doc No. 8 at 1.) The complaint also includes claims for the allegedly negligent delivery of Plaintiff John N. Knight, II. (Doc. No. 8 at 2.) This complaint was timely filed on or about November 29, 2007. (Doc. No. 8 at 2.) After the complaint was served, however, the Plaintiffs discovered that the original defendants were covered under the FTCA. (Doc. No. 8 at 2.) Accordingly, on or about

---

[1] 28 U.S.C. §§ 1346(b); 2671-2680 (1988).

January 16, 2008, the Plaintiffs submitted the appropriate claim forms to the Department of Health and Human Services ("Agency") and subsequently submitted all additional materials requested by the Agency.  (Id.)  As of July 22, 2008, the time of filing for the brief in opposition to the present motion, the Plaintiffs had not received any reply from the Agency.  (Id.)  The case was removed to this Court by the United States pursuant to 28 U.S.C. § 2679(d)(2)[2] on July 3, 2008.  Shortly thereafter, the United States filed an unopposed motion pursuant to 28 U.S.C. § 2679(d)(1)[3] to substitute itself as the sole Defendant for the charges (Doc. No. 3), which the Court granted (Doc. No. 13).

## II.   DISCUSSION

The Government clarifies in its reply to the Plaintiff's brief in opposition that it has made this motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  (Doc. No. 9 at 3.)   The Government argues that the Court lacks jurisdiction because "[the Plaintiffs] failed to exhaust their claim to the Department of Health

---

[2]  28 U.S.C. § 2679(d)(2) provides in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending

28 U.S.C. § 2679(d)(2).

[3]  28 U.S.C. § 2679(d)(1) provides in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

and Human Services.  A claim cannot be brought against the United States [under the FTCA] . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."  (Doc. No. 7 at 4.)

In analyzing a claim for lack of subject-matter jurisdiction under Rule 12(b)(1), the first step is to determine whether the moving party has made a facial or factual attack on the Court's jurisdiction to ascertain the appropriate standard for assessing the allegations and weighing evidence.  See United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3rd Cir. 2007).  Here, the challenge seems to be factual because it does not concern a pleading deficiency, but rather the failure of the Plaintiffs' claims to comport with the jurisdictional prerequisites contained in the FTCA.  See id.  Regardless, the essential facts underlying the Government's motion are uncontested.  Plaintiffs do not deny that the FTCA applies to this action and concede that they filed the complaint and served the original defendants in state court before filing the appropriate forms with the Agency.  (Doc No. 8 at 2.)  Despite this, the Plaintiffs argue that because their administrative remedies were exhausted as of July 16, 2008,[4] the claim is "ripe for filing in federal court" and dismissing the complaint now "simply exalts form or function and wastes judicial time and resources."  (Doc. No. 8 at 3.)

The FTCA is a partial statutory waiver of the federal government's sovereign immunity for tort claims against the United States.  Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).  Accordingly, it is the exclusive remedy for persons with claims for personal injury arising from the negligent act or omission of a federal employee while acting within the scope of

---

[4] The necessary forms were first filed with the Agency on January 16, 2008.  (Doc. No. 8 at 2.)  If an agency does not grant, settle, or deny a claim within six-months, a claimant may deem it denied and then file suit in federal court.  See § 2675(a); Reo v. U.S. Postal Serv., 98 F.3d 73, 78 (3d Cir. 1996).

their office of employment.  See 28 U.S.C. § 2679(b)(1).[5]  Because the FTCA constitutes a waiver of sovereign immunity, "the Act's established procedures have been strictly construed." Livera v. First Nat.'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).

By its terms, the FTCA requires that a Plaintiff first exhaust administrative remedies before initiating an action under the statute.  See 28 U.S.C. § 2675(a) ("An action *shall not be instituted . . . unless the claimant shall have first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." (emphasis added)).  This requirement is jurisdictional so it cannot be waived, and a court must dismiss any action that is initiated prematurely.  Wilder v. Luzinski, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000).  The Supreme Court has called the language in § 2675(a) unambiguous and found that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."  McNeil v. United States, 508 U.S. 106, 112 (1993).  The Court therefore refused to allow an action to proceed under the FTCA where the claimant failed to exhaust his administrative remedies prior to initiating the suit even though no substantial progress had been made in the litigation before exhaustion.  See id. at 107.

---

[5]  28 U.S.C. § 2679(b)(1) provides in relevant part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

Here, the unambiguous statutory language is not satisfied where the Plaintiffs admittedly filed the complaint before the claim was presented to the Agency, let alone exhausted. Additionally, the Plaintiffs cite no legal authority for their arguments, which are otherwise unpersuasive given the cases discussed above and others cited by the Government. For instance, while the Plaintiffs claim that a dismissal at this point "wastes judicial time and resources," the Supreme Court in *McNeil* specifically found that "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." McNeil at 112. Accordingly, the Court will grant the United States' motion to dismiss the complaint without prejudice pursuant to Rule 12(b)(1).

## III.   CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss will be granted. An order consistent with this Memorandum will follow.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACQUE L. KNIGHT et al.,** | : | |
| | : | **Civil Action No: 1:08-CV-1268** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Kane)** |
| | : | |
| v. | : | |
| | : | |
| **United States,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, this 20th day of October 2008, upon consideration of the Defendant United States' motion to dismiss (Doc. No. 6) and for the reasons set forth in the Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED** that the motion is **GRANTED**. The Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the clerk of Court is directed to close this case.

   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania